15-1779 Peoples v. Herland and the Jets Good morning. Can the parties approach the podium please and identify yourselves for Good morning, your honors. Assistant appellate Tomas Gonzalez on behalf of the appellant Orlandis Jackson. Good morning, your honors. Margaret Smith, Assistant State Attorney Alright, Mr. Gonzalez, how long would you like for your argument? Maybe about 15 minutes. Did you want to reserve a couple minutes for rebuttal? Okay. Ms. Smith? Ten minutes, your honors. Alrighty. Thank you. Mr. Gonzalez, whenever you're ready. Good morning, your honors. Again, may it please the court, counsel. Prior to trial, the Feds counsel moved to compel the state to disclose the surveillance location of Officer Frano. He was the only officer to witness the alleged drug transactions and the state's case hinged exclusively on Frano's ability to observe what he claimed to observe. Well, wasn't there some testimony about the packets being taped to the wall and another officer was with him when they were recovered? And that was the area where they both went to recover those? After surveillance was broken, yes. Yeah, so wasn't there an officer there who testified that he actually observed some packets being taped, they were taped to a wall? That was after the surveillance testimony. I understand, but doesn't that corroborate the surveillance officer's testimony? So you're saying the surveillance officer's testimony is the only evidence they had that they recovered the money from him and the drugs from the exact spot the surveillance officer said they were at. So doesn't that testimony, in addition to officer, it's not just Officer Frano's testimony? Not necessarily. I think the break in the surveillance is important because of some of the other cases that have upheld the privilege where it usually involves a case where the surveillance officer basically stays on the radio, never knew the site. But there was a loss of sight here? There was. 30 to 40 seconds or something. Yeah, anywhere between 40 seconds and a minute and a half, depending on different parts of the record. But nevertheless, the surveillance was broken. And I think what's even more curious about, aside from the fact that the surveillance was broken, there was testimony that the enforcement officer had to quote unquote pick up or relocate the surveillance officer to a 700 block of Trumbull. I think one of the real problems with the case, though, from your perspective, that there is no evidence in this record where the actual surveillance location was. Well, that's the biggest problem, I would submit. I mean, that's, you know, because basically You're entitled to at least have a record that at least shows that the location was disclosed at this in-camera proceeding. Yeah, that's It's not in there. Right, that's correct. It was never, never indicated. That's the biggest, I think that's the biggest thing. I mean, because Is that, would you say that's fatal? That you did not get what you're entitled to? At least an in-camera disclosure of the location to the courts? Absolutely. Is that reversible error outright? I would submit that it is. Because what the state's required to do is meet its initial burden in the first place. Yeah, so if you don't have the location, how have they met any burden? There's nothing to weigh. There's nothing on which the court can base any type of determination regarding the interests of Mr. Jackson, who's right to cross-examine, versus the interest in nondisclosure. So it doesn't, I don't know how that determination is made without knowing in the first instance whether What about the hearing, what is your position about the fact that there was an in-camera proceeding but then at the in-camera proceeding there was essentially a part of a motion going on with the state present and no defense attorney? Yeah, that's, that was a little unusual. I think it was a lot unusual. I mean, the fact that this, it basically resembled a mini-trial, if you will. I mean, the state was allowed to examine the witness, basically for battle, complete with questions,  Are the cases confusing because there might be a suggestion here and there that the court should let the proponents at least put forth the location in this in-camera and the reason for not disclosing? Well, it has seemed to resolve that way. I mean, you know, People Deny basically says, well, this is an in-camera proceeding, I don't know whether you call it a hearing or whatever, whatever you call it, it should take place in the presence, outside the presence of defense counsel. And then Price comes in and says, well, okay, it should take place without anybody present. And then Monroe M. says, well, it should be held outside the presence of the state and the defense and the only thing that should be disclosed in-camera is the location itself. And nothing else? Well, and that's how I read it. The location but not the reason for keeping it? Well, I think that's part of the confusion because it basically says, the way I understand it, is that in-camera it's limited to the state's disclosure of the location and then apparently then the parties are moved to open court for arguments for and against. Now, Mr. Jay? In that sense, though, couldn't you have a problem where you defeat the whole thing if you're suddenly arguing the reasons and then doesn't that open it up to the actual location being disclosed? Beth, I'm not sure I'm following. What do you mean at what point? When they're in-camera or? No, outside. I mean, if there's an argument about why the location shouldn't be disclosed, does that open it up to actually ending up disclosing the location, which defeats the whole purpose of the privilege? Maybe I'm not making myself clear. Yeah, I mean, if I'm understanding you correctly. What is your thinking of how this should take place? Well, it really boils down to substance versus procedure in terms of, okay, where should this take place, whether it takes place out in chambers or whether it takes place in open court. I think the biggest thing our position, what we suggest, is that wherever it takes place, defense counsel should be allowed to be present so that he can also advocate for his position that once the state meets its initial burden, the defendant then shifts to him and then defense counsel can make his case. So, Mr. Gonzales, is it your position then that the hearing should take place with defense counsel, the state's attorney, the judge, and the surveillance officer? Yes. Is that your position? Yes. Okay. So has this not evolved because the state presumably already knows what the surveillance location is? There's no disclosure to the state in the in-camera proceeding, right? Disclosure to the state's attorney? So they're having their in-camera procedure and the state's attorney is present but the defense is not present. Correct. Presumably it's because the state already knows where the surveillance location is, right? So you're not disclosing any privileged information to the state because they already know. Absolutely. They're the proponent of it. So if they're having this proceeding in chambers, there's a reason for keeping the defendant out because presumably they're saying their surveillance location can't be disclosed because it would expose people to retaliation or whatever the reason is. Right. So there's a reason to keep the defense out. What's the reason to keep the state out? To keep the state out? Right. Isn't that what three of those cases that you just told us about? Three of them said state and defense, don't come back. Well, my understanding is Price said that initially and then Member M adopted it. So that's my question. What's the purpose of keeping the state out? I mean, I'm a little confused by that myself to be quite honest. Okay. I think to the extent that the state does have to make an initial showing, make a prima facie showing, I guess logistically I'm not quite sure how that would work. Well, a judge could presumably ask the questions that they need to ask. Well, I guess I would expand on that by saying, well, let's say we keep both parties out, whether it's in chambers, well, I guess it'd have to be in chambers if you keep everybody out. If the judge gets wind of the actual location, then to the extent that we can assume that the state knows where it's at, if then the parties either convene back in the chambers or they have the hearing outside an open court, that would be the opportunity to make arguments for either whether it took place in a, without necessarily revealing the location, just for the state to argue why, make the showing whether a private resident had given permission to use the property or the other factor that it somehow compromised. Do you think the defendant is prejudiced by allowing the state to engage in the Axe Party hearing or do you think that that is just how it proceeds? I didn't hear the Axe Party question. Do you think that the defendant is prejudiced by having the state participate in this hearing without the defense being present? To the extent that it deprives him of his constitutional right to be present during that whole, you know, advocating for why the privilege should be defeated. I think that's highly prejudicial to the defense. How do you disclose the location secretively and still give the defendant the right to be present to present his side of the, I mean, you're giving up the ghost there, right? I'm talking about the defendant himself or the defense counsel? You're talking about, you're just talking about defense counsel. The defendant does not have to be there but his counsel has to be there and it could be attorneys' ears only? I think at the very least, because again, I think to the extent that the burden, once the state meets its initial burden, then it shifts to the defense to show why, that they overcome the privilege. And I don't know realistically and logistically how that would work without defense counsel being there to listen to the testimony and to hear the arguments and to hear the advocacy from the state's attorney. Does the DA still distinguish between defense attorney and defendant in this area? If you're talking about Price and Manuel M., I don't think it does. I don't think it does. Well, there was no argument either in this case. Was there after the court came out and said, well, I find that the location should be privileged because the state has established, I don't know what example it's at, but then the defense was not even permitted to argue anything. I think that's the big problem because it's almost like a second- He decided the motion without any input from the defense. Not only without any input but, again, without the location. I think that's- Well, we'll ask the state about that. I don't think there's a contest that this location has never been disclosed. Should we remand this then for a new hearing? I think that alone, that alone, I think that alone warrants relief. The fact that the location was never disclosed to begin with. Because, again, it's the state who has the initial burden in the first place. And I don't know how a court can even possibly be in a position to weigh competing interests without having that location. And to your question about the advocacy or at least the presence of defense counsel, again, assuming that the state did need its primary facial showing, the initial showing, then how does the defense counsel- I don't see the fairness in allowing or providing for defense counsel an opportunity to overcome that without defense counsel actually being in a room, again, whether it's in chambers or whether it's in a court, to be able to advocate and ask questions and participate to the same level that the state's attorney is allowed to. And in terms of this distinction between maybe defense counsel defending himself, I would submit that it's not much different than defense counsel having privy to other sensitive information during other aspects of discovery. We entrust defense counsels as officers of the court, obviously, to do certain things with sensitive information. Isn't there something-well, I don't know. The case suggests that there's two ways the state can meet the burden about whether the privilege should be- whether the surveillance location should be privileged. And that is if it's from on private property with permission of the owner. Correct. Okay. Which here the officer said he didn't-the owners had no idea that they were in there. Right. And he wasn't even sure why he was even occupied to begin with. But the other method is where the officer would indicate that the location is useful and it would be compromised. So would it fit into that second one, perhaps? It could, but again, the problem here is, number one, it comes-again, it comes back to this- Here's what I was trying to get to earlier. If there's an argument in court that this location is useful and that the utility would be compromised- Right. Does that hamper the state's ability to keep it privileged? I'm not quite sure I'm following you. Well, there's something about this prong that if you're arguing in open court how this location would be compromised- Right. Is there a chance you're going to end up disclosing the location because of that? Not necessarily. I think one thing, I guess to the earlier question about what idea we have as far as how this might take place, certainly I think it should go beyond just the officer's word. I mean, the officer is just saying, oh, it's something we've used before, it's something we'll use again. In order for defense counsel and the court to make a balanced decision and an informed one, I think the special concurrence in, I think it was Britain, made reference and alluded to some procedure, I guess out in New Jersey that kind of has a similar analysis to the surveillance location privilege that Illinois has and suggested something along the line that, okay, just argument alone is not evidence, that there should be something further, that there should be what sounds like kind of amounts to an evidentiary hearing of sorts by which the officers are required to present evidence. And I would submit that that evidence in this type of case where the officer is just claiming, it should just go beyond his word to just say, yeah, we're planning to use it in the future. I think that type of argument and that kind of showing based on evidence can be made without necessarily, without necessarily pinpointing the exact location, if there's any sensitivity concerns there. But I think the biggest thing is that defense counsel not only should be allowed to participate wherever it is, but defense counsel should be able to delve into it and ask questions and participate and to fully advocate as to why the defendant has overcome the privilege. And that didn't happen here. Are there any other instances where the court would conduct a hearing and defense counsel would be excluded? You're talking about something similar to what happened here, like ex parte? Let's say they did a motion on lemonade about whatever. I'm not aware of that. Is there any other analogous situation? I'm not aware of any. I mean, I've been thinking and turning my brain. I'm not aware of any. So I think this case is highly unique from that standpoint. So, I mean, I guess, again, going back to the procedure itself and, you know, what Manuel M alluded to, I mean, I think there's something to be said for that. I think there's something important that's missing with this type of procedure. And I think, you know, perhaps that's why we see the cases evolving the way it is. But, again, there is something troubling to the extent that a court may, even if this, even if the state had not met its prima facie case, okay, which, again, we maintain that it didn't, because obviously the most important thing missing is the location itself, but even if it had, right, the state, the court has to complete the analysis. The court has to complete the balance. And that requires the defense or the defense counsel to be able to fully participate, to ask questions, and to make his case as to why the burden was overcome, okay. And we maintain that the burden was overcome even if the prima facie case was met, because, perhaps most importantly, this officer was pretty much the linchpin, was pretty much the be-all, end-all. I think that's highly significant. Some of the other cases that have, you know, upheld the privilege usually involve cases where no surveillance was broken at all until the point of arrest, or multiple surveillance officers were involved, and questions weren't raised about the officer's ability to observe. And I alluded, you know, to that question, I alluded to one in particular, not only do we have the loss of, you know, a loss of sight for 40 seconds to a minute and a half, the fact that when you, aside from that, he was relocated, whatever that means. He was relocated somewhere. Again, a question is raised to the extent that you're going to pick up and relocate 60 feet away. I mean, that sounds a little strange to me. And then when surveillance, I wouldn't say surveillance, but when the surveillance officer, Officer Ramos, saw Jackson, he happened to be six houses down. Okay, so those are questions I think are a little bit unsettling, and it calls into question the ability to observe. And I just want to make sure I'm not overlooking anything. But that's, yeah, I think those are the biggest ones. I think those are kind of what makes this a little bit unsettling as to why, in addition to the fact that he was the lone witness, or the lone surveillance officer, that we do have these questions that the record presents as far as his ability to observe. All right. So unless there's any other questions. Thank you, Mr. Gonzalez. Thank you. Ms. Smith. Good morning, Your Honor. Good morning. May it please the Court. The trial court properly followed the well-reasoned jurisprudence concerning in-camera hearings and adjudicating the people's claims. Okay, there's a split here, though. There's some cases that say the state can be there, and then there's some that say they can't be there. So I want to go to there's an assertion of a privilege. Whatever it is, priest penitent, mental health issues, whatever that assertion of a privilege is, the Court is required to have an in-camera viewing or whatever of what that privilege is. I can't think of any other circumstance where the person who's advocating that privilege is allowed to go back and do a hearing with the Court without the other side being there. Can you give me an example of where else that is allowed? Well, Your Honor, I believe people versus night, which is actually the case that held that the in-camera hearing should be held outside the presence of a defendant and defense counsel, not as Price maintains. Price incorrectly says it should be outside the presence of the state's attorney and the defense counsel. Okay, I got you. But tell me how you're asserting the privilege and the other side doesn't get to respond. Well, night cites Criss, which actually established the privilege. And in Criss, they discuss the confidential informant as the basis. That's the privilege that's analogous here. Okay. When there's a confidential informant. To get a warrant? Is that what you're talking about? They just discuss night cites Criss for the basis of the privilege. It's an analogous situation where there's information that the people's witness has that should remain privileged and the people need to explain it to the Court, but they need to keep the exact information and details of that information private or privileged during a hearing. So as Your Honors pointed out, defense counsel doesn't know that information before it's determined whether or not it should be reviewed. Well, can I start with one thing about this case? Now, are you contesting that this judge never inquired or was not informed of the location? He was not informed of the exact location. Defendant maintains that it's required that the exact location be divulged and that there's no case that says that. Okay, so it's not exact. In this transcript that we have, there is no location. The office says he was in the area of 734 North Trumbull. And that he was within, I believe he said, 50 feet away. Okay. So he did give the area. He gave a general area, but I mean. But the cases don't say that you have to give the exact location. Okay, forgetting about the exact location. Okay. There really isn't a location. In other words, remember, this is supposed to be sealed and it's only for eyes only. Correct. So what is the harm in disclosing the location? I mean, this isn't really disclosing. Well, if the judge had asked him. I'm in the area. Of course he's in that area. He testified at the trial where he was, that he was in the location of where he observed this activity. Well, I believe if the judge had asked him in a camera proceeding without defense counsel present, then I don't know that the officer wouldn't have answered the question on the exact location. Okay. But there's no requirement. And you don't think it's really fatal that it really wasn't disclosed here. Correct. Absolutely. But how are we supposed to review anything if we don't even know where it was? Except for him saying, well, I was in the area of the crime and I was about 50 or 60 feet away. Well. We don't know if he's in a building, he's outside of a building. We don't know if he's behind some bushes. We don't know really anything. So how are we supposed to review that? Well, the judge could have asked any question that she wanted to. But he didn't. It was a he. Excuse me. Yes. Yes, but the judge did ask the ability to see, the distance, all of those questions. And I do want to get back to something that you asked the judge for. The other, any other situation where defense counsel would be present, you could say it's analogous to a civil case where there would be a privilege law that would be dealing with documents. Right, but the in-camera review is always just the judge reviewing it. It's not one party gets to come in and advocate on the other party's out-in-the-open. But in that instance, usually the proponent of the privilege would attach the documented issue. Here we don't have a document. Here we have a witness. It's the people's witness with the information. Right. And the people have the burden to elicit the information to meet their burden of making a privilege. So the state says we're asserting the privilege based on, you know, the private citizens would be implicated. Whatever the basis is that they're asserting the privilege in this case, the judge goes back with the officer, asks whatever questions he has to ask, to determine if that privilege does in fact apply. I'm sensing a disconnect here with getting an advocate of a privilege to be the sole person that's in the room asserting the privilege. That's not how any other privilege works. And I'm not aware of any application or case law that says, yeah, you can do it that way. Well, not in Stokes, both states. Yeah, but when you have three cases that say you can't. Okay, but if I may, Your Honor, Price misquotes. It literally cites, it just cites Knight and Stokes, and it incorrectly cites it saying that they held that the hearing should be outside of the presence of the state, which is not correct, and defense counsel. It actually says outside of the presence of defendant and defense counsel. What's wrong with that? I want to interrupt you. I want to interrupt you. Sorry. Now, what's wrong with the judge conducting an in-camera hearing, the officer is present, and the judge asks, tell me where you were located, okay, and now tell me what is the basis for keeping this secret, okay? What's wrong with that? The cases say that the in-camera hearing is where the people are supposed to establish their burden of making a preliminary shout that it should remain a privilege. All right. Let's assume you're right. Let's assume that you're correct, that there should be some participation in this chambers where the officer gives the location and then either the judge or the state's attorney asks him, why do you want to keep this location secret? And he indicates one of the two bases. All right. Now, in this case, we don't have a location, but we'll assume for purposes that we do. Once this is done, okay, in this case, then they return to the courtroom, and rather than have the defense attorney be permitted to argue anything at all, the judge simply says, I've determined that this privilege should be, in effect, here. There's no opportunity for any argument at all. There was no hearing. Well, I would suggest that the court said the people had established. Right. What happens next? Well, then it is the defendant's burden to argue. But doesn't that mean he has to be given an opportunity to argue? Well, I believe the court was simply stating that they found that the people met their burden. I don't think the court precluded any attempted argument. I don't believe there was any. Well, I think the record shows that the court said, I've made my ruling, and we're done. Well, I would suggest, I read it as the court said, I'm willing that the people established made the preliminary show. Sure, but then what happens after that? Nothing. I think defense counsel just simply asked for a date to respond. No. I don't believe that's how things transpired. All right. Well, let's go on to this other thing. You don't think that was a final ruling by the judge? You think he was just saying, I think you've shifted your burden, dot, dot, or you've met your initial burden, dot, dot, dot, and now defendant, burden shifts to you. But he didn't say that second part, right? He did not. Correct. You don't read that as him saying, I think the plaintiff has established the basis for the privilege, and I'm going to not require the officer to testify. You think he was just halfway through his analysis? I don't believe that. I have been in front of other judges that make it very clear they don't want to hear anything. I don't think that's what happened here. You don't think that's what happened in this case? The judge didn't cut defense counsel off or anything of that nature. But didn't the defense counsel think he had just lost the case, the argument? I mean, when you lose the argument, you don't like it, but you usually just, you know, move on. Well, I don't know why they would not have tried to overcome the verdict and try to make an argument. Well, I think the judge pretty much said, I've already decided this. There really was no hearing. But let me ask you, what's the harm in having the state argue then back in the courtroom that the location should be privileged and the reason we're arguing for keeping it secret is because we don't want to harm the owner of the building or reduce this enough that we don't want to lose this location for drug enforcement? Okay, so what's wrong with then the defense having an opportunity to argue why it's important in this case for them to know the location? I think as you raised, there could be questions regarding that that actually might reveal the location, not the exact address, but give information to defense counsel that would essentially disclose the location, which defeats the purpose of the hearing. Well, give me an example. What if the entire lot is vacant lots except for one structure? Yeah. It might come out that it's very clear. They were on a roof. You know, they were elevated. Well, there's no other lot there that has anything elevated. Then it's really clear to, if you know how many feet there are, there's no obstruction. It would depend on what the location is. All of that would also give the defense, in that example, the elevation that they're at, the lighting, the obstruction, any of those things would also tell the defense exactly where the location is. Correct? If they're elevated, they're not in a cherry picker and there's only one building on the block. Well, it depends on the questions being asked. But aren't those all things that even if the surveillance privilege is allowed, aren't all of those things going to be areas? And, in fact, in this case, the judge said, I'll let you go into distance, location, obstruction. All of those things under your example would also be disclosed and indicate exactly where it is. But if defense counsel isn't aware of the exact address, which for the purpose of our discussion about being in camera, that that be disclosed in camera and defense counsel, or in open court and defense counsel is there. It depends on the situation. The officer wouldn't necessarily be saying, oh, everything else is a vacant lot. It depends if defense counsel is there. It depends on who's asking the questions. Aren't there constitutional problems here with this case because you basically have a hearing being presented outside the defendant's presence and you don't have a public hearing at all because the judge basically came out and said, I've heard the location or I'm going to allow the privilege in this case without any hearing at all. Any hearing at all from the defense attorney. No, that's what the cases require. And there's a transcript. There was, in fact, a case that that was the issue of whether there was a transcript. So the court could review. There could be a review of the in-camera hearing to determine if the trial court did what was proper during the in-camera hearing. And just, Brooke, I did want to address something you asked about. If the state were not present during the in-camera hearing, what would be wrong with that? Then I would suggest that the court is then in the position of eliciting the proper information. But isn't the people's burden? Isn't the court always in that position with in-camera hearings? So you have medical or mental health issues. You have prior sexual experience issues. Whatever issue it is that you're trying to keep privileged, the court is always alone in ascertaining whether that privilege applies. This is the only situation I've seen where the state gets to come in and advocate. Well, the state, it's the state's witness. The state knows the information. The judge doesn't know that information going in. And the people are the one advocating for why. Now, what about on a 11510? On those issues, you have a judge, the defense counsel is present, and the state is present. That's an eyewitness to a crime exactly the same as this, but somehow you don't kick the defense out on that. Well, Your Honor, one of the issues here with the surveillance location privilege is the issue that the location is useful and its utility would be compromised, and they're continuing to use or hope to continue to use the location for surveillance. So that's unique from one eyewitness in a case. Here we have a place where the officers are observing drug transactions, and they don't want to give that up because they've been successful in surveilling from there and being able to prosecute. And the officer, can I tell the judge that why, without the state being present? Why can't the officer assert every basis that they have to keep that location secret? Why does the state have to be there? Because the people are the ones who have the burden to elicit the information, and they know the questions to ask to elicit the information. And the judge, every judge at 26th Street has been practicing criminal law for 20 years plus, and you're saying that the judge who sits there and hears this stuff every day wouldn't have the capability to discern that information from the officer? I'm not saying that, Your Honor, but then I think that puts the judge in the role of eliciting the information necessary. That's what an in-camera hearing is. The judge elicits the information. Counsel, I was incorrect, or I don't know who pointed it out, but after the judge came out, it was, there was a request for a deed. Right. And then it was continued. Yes. But here's what he did. He's in the back. He's with a state attorney basically arguing for the exercise of a privilege, and he comes out and says, we've had the in-camera hearing regarding the defendant's motion for a pretrial disclosure of surveillance location. I find, based on the testimony of the officer, that there are public safety concerns involved here, and also that given the details of the number of officers present and the facts that were relayed, I do not feel that the defendant is required to know this information in order to fully be able to represent Mr. Jackson's interests at trial. I certainly will allow full cross for distance, elevation, weather conditions, and any obstruction. So I don't feel this disclosure is necessary for all the reasons the motion is denied. Is that really, you know, is that what should be occurring in these cases? Where is, I mean, you're supposed to just make a prima facie showing. They're supposed to then be able to argue why they need to know the location. I mean, isn't that what is supposed to happen? That is what's supposed to happen. And isn't it really supposed to also be that the judge find out where the location is, and then perhaps, you know, he can indicate in the sealed transcript that if I allow certain things in court, then perhaps the whole purpose of keeping it privileged will be disclosed, like the example you had with the building. There's only one building in the area. The rest is all vacant property. So there's going to be a disclosure if we have a hearing out in public, in the courtroom. What I was trying to argue is that I think the officer would answer the question differently if defense counsel was present because of the privilege, because you want to keep the location privileged, than if defense counsel is, you know, if he's present or if he's not present. And the judge can ask whatever question they want. The judge did ask questions. My problem with this is that there's no hearing, there's no hearing at all, where defense counsel can argue why, in this case, they need to know this. Because they would argue there's really only one eyewitness here. It's the officer. And we need to know this location. I would respectfully argue that that's not the case here, Your Honor. And it was brought up. You have the surveillance officer. But these things are never at all flushed out by the parties whatsoever because the judge simply comes out and says, I'm ruling this way. There's not even an argument that he allows the defense attorney to make. I mean, how is this a hearing? Well, I want to address the fact that you said that it's all based on just the officer because the court asked, were you in radio communication with your partners? And he was. And, in fact, there was testimony later at trial. So this is just on this officer because he was on radio. He gave a description. There was a lag, but it was not for a significant period of time. They radioed a description of the defendant. Those officers went to where they were told the defendant was. The defendant was there. They found $175 on him. Then they went to the location where the surveillance officer said that the defendant kept going and that they thought there would be drugs back there. Officers went back there and they did find drugs. My concern with this case is that it is terribly one-sided. There's simply a hearing going on with all sorts of information that you're telling us about, and there's never an opportunity for any argument by defense counsel as to why the location should be disclosed in this particular case because the judge comes out and by fiat says, I have determined the privilege should be exercised, and that's it. And there's not even an opportunity for a hearing by the defense attorney as to why they should have the location disclosed to them. I mean, I don't see this as any kind of a hearing at all. Not only is the location not disclosed, but maybe that's not fatal. But I don't have any opportunity. The only thing that's supposed to be happening in that in-camera hearing is a prima facie showing. That's it. That's it. And when there's a prima facie showing, then you go out. You're in public. There's a hearing. The defendant is entitled to be present, and he's entitled to argue why in this case, based on the discovery that he has, that he should be given this location. And the cases clearly say that when the case hinges upon the officer's testimony or what have you, basically that it should always give way to the right to cross-examine. Well, respectfully, Nunn, which is the case that the defendant is primarily set – well, that's the case that really establishes who should be in the in-camera hearing. And in that case, what you had was an officer who lost sight and then couldn't describe what the defendant was wearing. And you had an alibi. The defendant had an alibi. So that's a very different type of case. But there was a period that was testified to where he lost sight. 90 seconds, Your Honor. But the defendant was found in the location – There's no other officer that observed the transients. Is there? That's correct. All right. But the officer was in constant radio communication. Yeah, I know. But the question is still – I mean, the answer still is there's only one eyewitness. And there's only one officer who testified to the transients. Right. But in other cases where there was just one surveillance officer, courts have found that the case didn't hinge entirely on the surveillance officer, where the defendant was found, where the officer said he was. And in this case – and then also narcotics were found where the officer said the narcotics would be found. And that's what we have in this case. And most of the cases – Well, it seems like what we have is a full-blown trial in Chambers without the defendant present. Extensive testimony by an officer about where it was, where it was near, and everything except the defendant isn't present. Well – And the court comes out and says, I've made my ruling. I would respectfully argue that the trial was the trial, and defense counsel was given an opportunity to extensively cross-examine the officer on the distance, whether there were obstructions, what he could see, and all of that. So I would disagree that there was a trial during the in-camera hearing. The defense counsel was allowed to extensively cross-examine on material issues. That happened in this case, and that's what's required. I think what's required is that there be a prima facie showing in-camera. Whether the state attorney is present or not, there should be a prima facie showing in-camera. And then everyone should be present for arguments on whether or not privilege should be allowed or not allowed. Well, respectfully, Your Honor, that is not what Knight says, nor Stokes. And Price incorrectly cites those cases for the proposition that the state should be excluded. No, so don't all the cases say that the obligation for a prima facie showing rests upon the proponent of the privilege? Thereafter, the party opposing the privilege should be given an opportunity to argue why it shouldn't be exercised in any given case. Isn't that the whole point of this? That is, but what I'm saying is Knight and Stokes say the in-camera hearing should be outside of the presence of defendants and defense counsel, not outside of the presence of the state. Sure. I'm going beyond that. All you're supposed to do is make a prima facie showing. That's your burden. Then the defense is supposed to be given an opportunity to rebut the reason for that privilege not being exercised in the case. That's what I'm talking about. It's beyond this in-camera hearing. But Knight and Stokes lay out what should happen. But they never say the judge should cut off the defense and rule before there's been any hearing on the issue. It's not a one-sided issue. It's simply not you. The judge decides in camera whether or not a privilege should be exercised or not with any participation from the defense at all. That doesn't make any sense. Outside of the in-camera hearing, I would agree. But my point was we were discussing who should be inside. Sure, and I said I'm giving you all that. I'm giving you all that. Let the state's attorney be there. Let the state's attorney ask the officer, where's the location and why do you want to keep your privilege? Then you've made your prima facie showing. The defense needs an opportunity in open court to argue why the privilege should not be allowed in this particular case. And that didn't occur. Two things didn't occur. The location was never disclosed. And there may be a reason for that. But there was never any opportunity to be heard. Now, whether the court denied that opportunity, the records will show that. Well, I would strenuously remind the court that there's no requirement that the exact location be disclosed. And that's fine. I mean, I'll give you that. I think there's a problem with having a hearing begin and end in chambers without any participation from the defendant at some point. My point is with regard to the in-camera hearing, that the cases say that the state needs to be present. Sure, and make their prima facie showing. Correct. I give you that. What happens next? It's done. The judge decides. No, no, I agree. The defendant needs to overcome that burden. Yeah. How do they overcome it if the judge makes a ruling without them even being able to argue? I would argue that the court did not cut off the defense without her making any argument. Okay. For these reasons and those stated in our briefs, people ask that this court affirm the trial court's denial of defendant's motion for disclosure of surveillance location and the limitation of cross-examination of Officer Frano. Thank you, Ms. Smith. Thank you, Your Honor. Mr. Gonzalez? Brief rebuttal? Let's add to the point that the biggest problem in this case is that the court really got halfway through the inquiry. And regardless of the one thing that the cases are consistent about is that there's two things, there are two inquiries that have to be made. One is related to the state's initial burden, making that prima facie showing. The second, and what they didn't have here, aside from the fact that their location wasn't disclosed, is the fact that defendant had zero opportunity because, as Justice McBride pointed out, he was basically cut off. Not only was defense counsel not a participant, but defense counsel just basically after the ex parte, and I think part of the distinction between ex parte and camera, allowing the revelation of the location is no different than, as you pointed out, a court looking at documents or pictures, things that they do in camera outside the presence of either party. Courts do it routinely. Do you think that your evidence, that the cross-examination, what you did at trial actually shows that the court erred in not allowing the location? You mean in terms of the questions related to the other way to observe and the fact that it's too late? Do you think the record shows that the need for disclosure was apparent after the trial? Have you met your burden, either at the time or through cross-examination, that you should have been given this location because you weren't able to fairly defend? I don't think that's an entirely different matter. I mean, I think the procedure that's laid out and, you know, the cases starting from Chris to tonight to Price et al. basically lay out the procedure that, you know, for the state invoked privilege, and this was supposed to be made pre-trial. But regardless of all of that, I think if your question is centered on, well, was defense counsel able to basically test the opportunity to observe, well, to me that's kind of besides the point because it doesn't really matter if, I don't understand what good questioning is on things like obstructions and stuff, things like that, if defense counsel doesn't even know where the sight line is to begin with. I just don't see the connection there. So I think that's my response to that. Unless there are any other further questions, the rest of this case will be a matter for a new trial. The court will take the matter under advisement and issue an order as soon as possible. Thank you.